Randall J. Sunshine (SBN 137363)
    rsunshine@linerlaw.com
Ryan E. Hatch (SBN 235577)
    rhatch@linerlaw.com
Jason L. Haas (SBN 217290)
    jhaas@linerlaw.com
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:   (310) 500-3500
Facsimile:    (310) 500-3501

Attorneys for Plaintiff
SIGNAL IP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNAL IP, INC., a California corporation,<br><br>     Plaintiff,<br><br>     vs.<br><br>AMERICAN HONDA MOTOR CO., INC, a California corporation; HONDA OF AMERICA MFG., INC., an Ohio corporation,<br><br>     Defendants. | Case No. 2:14-cv-2454<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Signal IP, Inc. ("Signal IP" or "Plaintiff") brings this Complaint against Defendants American Honda Motor Co., Inc. and Honda of America Mfg., Inc. (collectively, "Honda" or "Defendants"), alleging as follows:

## PARTIES

1.    Plaintiff Signal IP is a California corporation with its principal place of business at 11100 Santa Monica Blvd., Suite 380, Los Angeles, CA 90025.

2.    On information and belief, Defendant American Honda Motor Co., Inc. is a California corporation with its principal place of business at 1919 Torrance Blvd., Torrance, CA 90501.

3.    On information and belief, Defendant Honda of America Mfg., Inc. is

an Ohio corporation with its principal place of business at 24000 Honda Parkway, Marysville, Ohio 43040.

## JURISDICTION, VENUE AND JOINDER

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants. Defendants have conducted extensive commercial activities and continue to conduct extensive commercial activities within the State of California. Defendant American Honda Motor Co., Inc. maintains its principal place of business within this judicial district. Additionally, on information and belief, Defendants, directly and/or through intermediaries (including Defendants' entities, subsidiaries, distributors, sales agents, partners and others), distribute, offer for sale, sell, and/or advertise their products (including but not limited to the products and services that are accused of infringement in this lawsuit) in the United States, in the State of California, and in this judicial district, under the "Honda" and "Acura" brand names. Defendants have purposefully and voluntarily placed one or more of their infringing products and services into the stream of commerce with the expectation that the products and services will be purchased or used by customers in California and within this judicial district. Accordingly, Defendants have infringed Signal IP's patents within the State of California and in this judicial district as alleged in more detail below.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

7. Signal IP, Inc. is a California corporation with a principal place of business at 11100 Santa Monica Blvd., Suite 380, Los Angeles, CA 90025. It is the owner of the entire right, title and interest in and to U.S. Patent Nos. 5,714,927; 5,732,375; 6,434,486; 6,775,601; and 6,012,007 (the "Patents-in-Suit").

8. On information and belief, Defendants are direct or indirect

subsidiaries of global car manufacturer and distributor Honda Motor Company, Ltd. ("Honda Limited"), which is headquartered in Japan. Honda Limited manufactures and distributes cars under both the "Honda" and "Acura" brand names.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '927 Patent)

9. Plaintiff incorporates paragraphs 1 through 8 of this complaint as if set forth in full herein.

10. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,714,927 (the '927 Patent), entitled "Method of Improving Zone of Coverage Response of Automotive Radar." The '927 Patent was duly and legally issued by the U.S. Patent and Trademark Office on February 3, 1998. A true and correct copy of the '927 Patent is attached as Exhibit A.

11. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Honda Blind Spot Information System, used in products including but not limited to the Honda Accord, Civic, Crosstour, Odyssey, Civic Hybrid, and Accord Hybrid, and in the Acura MDX, RLX/RL and TL.

12. Defendants have contributorily infringed and are currently contributorily infringing the '927 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Honda Blind Spot Information System, used in products including but not limited to the Honda Accord, Civic, Crosstour, Odyssey, Civic Hybrid, and Accord Hybrid, and in the Acura MDX, RLX/RL and TL.

13. Defendants have actively induced and are actively inducing the infringement of the '927 Patent by making, using, offering for sale, and/or selling in

the United States certain methods or systems disclosed and claimed in the '927 Patent, including but not limited to the Honda Blind Spot Information System, used in products including but not limited to the Honda Accord, Civic, Crosstour, Odyssey, Civic Hybrid, and Accord Hybrid, and in the Acura MDX, RLX/RL and TL.

14. Defendants' infringement of the '927 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

15. Unless enjoined by this Court, Defendants will continue to infringe the '927 Patent.

16. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '375 Patent)

17. Plaintiff incorporates paragraphs 1 through 16 of this complaint as if set forth in full herein.

18. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 5,732,375 (the '375 Patent), entitled "Method of Inhibiting or Allowing Airbag Deployment." The '375 Patent was duly and legally issued by the U.S. Patent and Trademark Office on March 24, 1998. A true and correct copy of the '375 Patent is attached as Exhibit B.

19. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the Occupant Positioning Detection System (OPDS) used in products including but not limited to the Honda Accord, CR-V, CR-Z, Civic, Crosstour, Fit, Insight, Odyssey, Pilot, Ridgeline,

Element, FCX, Fit EV, Civic Hybrid, Insight Hybrid, Accord Hybrid, CR-Z Hybrid, and the Acura ILX, MDX, RDX, RXL/RL, TL, TSX, TSX Sedan, TSX Sport Wagon, and ILX Hybrid.

20. Defendants have contributorily infringed and are currently contributorily infringing the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the Occupant Positioning Detection System (OPDS) used in products including but not limited to the Honda Accord, CR-V, CR-Z, Civic, Crosstour, Fit, Insight, Odyssey, Pilot, Ridgeline, Element, FCX, Fit EV, Civic Hybrid, Insight Hybrid, Accord Hybrid, CR-Z Hybrid, and the Acura ILX, MDX, RDX, RXL/RL, TL, TSX, TSX Sedan, TSX Sport Wagon, and ILX Hybrid.

21. Defendants have actively induced and are actively inducing the infringement of the '375 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '375 Patent, including but not limited to the Occupant Positioning Detection System (OPDS) used in products including but not limited to the Honda Accord, CR-V, CR-Z, Civic, Crosstour, Fit, Insight, Odyssey, Pilot, Ridgeline, Element, FCX, Fit EV, Civic Hybrid, Insight Hybrid, Accord Hybrid, CR-Z Hybrid, and the Acura ILX, MDX, RDX, RXL/RL, TL, TSX, TSX Sedan, TSX Sport Wagon, and ILX Hybrid.

22. Defendants' infringement of the '375 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

23. Unless enjoined by this Court, Defendants will continue to infringe the '375 Patent.

24. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF

### (Infringement of the '486 Patent)

25. Plaintiff incorporates paragraphs 1 through 24 of this complaint as if set forth in full herein.

26. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,434,486 (the '486 Patent), entitled "Technique for Limiting the Range of an Object Sensing System in a Vehicle." The '486 Patent duly and legally issued by the U.S. Patent and Trademark Office on August 13, 2002. A true and correct copy of the '486 Patent is attached as Exhibit C.

27. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to: (1) the Honda Forward Collision Warning System, used in products including but not limited to the Honda Accord, Civic, Crosstour, Fit, Odyssey, Civic Hybrid, and Accord Hybrid; (2) the Collision Mitigation Braking System (CMBS), used in products including but not limited to the Honda Accord, Civic, Crosstour, Fit, Odyssey, Civic Hybrid, and Accord Hybrid Acura MDX and RLX/RL; and (3) the Parking Sensor System used in products including but not limited to the Honda CR-V, Civic, Crosstour, Odyssey, Pilot, Civic Hybrid, and Acura ILX, MDX, RLX/RL, and ILX Hybrid.

28. Defendants have contributorily infringed and are currently contributorily infringing the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to: (1) the Honda Forward Collision Warning System, used in products including but not limited to the Honda Accord, Civic, Crosstour, Fit, Odyssey, Civic Hybrid, and Accord Hybrid; (2) the Collision Mitigation Braking System (CMBS), used in products including but not limited to the Honda Accord, Civic, Crosstour, Fit, Odyssey, Civic Hybrid, and Accord Hybrid

Acura MDX and RLX/RL; and (3) the Parking Sensor System used in products including but not limited to the Honda CR-V, Civic, Crosstour, Odyssey, Pilot, Civic Hybrid, and Acura ILX, MDX, RLX/RL, and ILX Hybrid.

29. Defendants have actively induced and are actively inducing the infringement of the '486 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '486 Patent, including but not limited to: (1) the Honda Forward Collision Warning System, used in products including but not limited to the Honda Accord, Civic, Crosstour, Fit, Odyssey, Civic Hybrid, and Accord Hybrid; (2) the Collision Mitigation Braking System (CMBS), used in products including but not limited to the Honda Accord, Civic, Crosstour, Fit, Odyssey, Civic Hybrid, and Accord Hybrid Acura MDX and RLX/RL; and (3) the Parking Sensor System used in products including but not limited to the Honda CR-V, Civic, Crosstour, Odyssey, Pilot, Civic Hybrid, and Acura ILX, MDX, RLX/RL, and ILX Hybrid.

30. Defendants' infringement of the '486 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

31. Unless enjoined by this Court, Defendants will continue to infringe the '486 Patent.

32. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law.  Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

### FOURTH CLAIM FOR RELIEF
**(Infringement of the '601 Patent)**

33. Plaintiff incorporates paragraphs 1 through 32 of this complaint as if set forth in full herein.

34. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,775,601 (the '601 Patent), entitled "Method and Control System

for Controlling Propulsion in a Hybrid Vehicle." The '601 Patent was duly and legally issued by the U.S. Patent and Trademark Office on August 10, 2004. A true and correct copy of the '601 Patent is attached as Exhibit D.

35. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '601 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems for hybrid vehicles disclosed and claimed in the '601 Patent, including but not limited to: (1) the hybrid versions of the Honda Insight, Civic, CR-Z, and Fit; (2) the Sport Hybrid Intelligent Multi-Mode Drive (i-MMD) System, used in products including but not limited to the 2014 Honda Accord Hybrid and Plug-In Hybrid Accord; and (3) the Super Handling All-Wheel Drive, used in products including but not limited to the Acura RLX Sport Hybrid.

36. Defendants have contributorily infringed and are currently contributorily infringing the '601 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '601 Patent, including but not limited to: (1) the hybrid versions of the Honda Insight, Civic, CR-Z, and Fit; (2) the Sport Hybrid Intelligent Multi-Mode Drive (i-MMD) System, used in products including but not limited to the 2014 Honda Accord Hybrid and Plug-In Hybrid Accord; and (3) the Super Handling All-Wheel Drive, used in products including but not limited to the Acura RLX Sport Hybrid.

37. Defendants have actively induced and are actively inducing the infringement of the '601 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '601 Patent, including but not limited to: (1) the hybrid versions of the Honda Insight, Civic, CR-Z, and Fit; (2) the Sport Hybrid Intelligent Multi-Mode Drive (i-MMD) System, used in products including but not limited to the 2014 Honda Accord Hybrid and Plug-In Hybrid Accord; and (3) the Super Handling All-Wheel Drive, used in products including but not limited to the Acura RLX Sport Hybrid.

38. Defendants' infringement of the '601 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

39. Unless enjoined by this Court, Defendants will continue to infringe on the '601 Patent.

40. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## FIFTH CLAIM FOR RELIEF

### (Infringement of the '007 Patent)

41. Plaintiff incorporates paragraphs 1 through 40 of this complaint as if set forth in full herein.

42. Signal IP is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,012,007 (the '007 Patent), entitled "Occupant Detection Method and Apparatus for Air Bag System." The '007 Patent was duly and legally issued by the U.S. Patent and Trademark Office on January 4, 2000. A true and correct copy of the '007 Patent is attached as Exhibit E.

43. Defendants have directly infringed and continue to infringe, literally and/or under the doctrine of equivalents, the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems for hybrid vehicles disclosed and claimed in the '007 Patent, including but not limited to the Supplemental Restraint System (SRS) Airbags with weight sensors, used in products including but not limited to the Honda Accord, CR-V, CR-Z, Civic, Crosstour, Fit, Insight, Odyssey, Pilot, Ridgeline, Element, FCX, Fit EV, Civic Hybrid, Insight Hybrid, Accord Hybrid, and CR-Z Hybrid, and Acura ILX, MDX, RDX, RLX/RL, TL, TSX, TSX Sedan, TSX Sport Wagon, and ILX Hybrid.

44. Defendants have contributorily infringed and are currently contributorily infringing the '007 Patent by making, using, offering for sale, and/or

selling in the United States certain methods or systems disclosed and claimed in the '007 Patent, including but not limited to the Supplemental Restraint System (SRS) Airbags with weight sensors, used in products including but not limited to the Honda Accord, CR-V, CR-Z, Civic, Crosstour, Fit, Insight, Odyssey, Pilot, Ridgeline, Element, FCX, Fit EV, Civic Hybrid, Insight Hybrid, Accord Hybrid, and CR-Z Hybrid, and Acura ILX, MDX, RDX, RLX/RL, TL, TSX, TSX Sedan, TSX Sport Wagon, and ILX Hybrid.

45. Defendants have actively induced and are actively inducing the infringement of the '007 Patent by making, using, offering for sale, and/or selling in the United States certain methods or systems disclosed and claimed in the '007 Patent, including but not limited to the Supplemental Restraint System (SRS) Airbags with weight sensors, used in products including but not limited to the Honda Accord, CR-V, CR-Z, Civic, Crosstour, Fit, Insight, Odyssey, Pilot, Ridgeline, Element, FCX, Fit EV, Civic Hybrid, Insight Hybrid, Accord Hybrid, and CR-Z Hybrid, and Acura ILX, MDX, RDX, RLX/RL, TL, TSX, TSX Sedan, TSX Sport Wagon, and ILX Hybrid.

46. Defendants' infringement of the '007 Patent has been and continues to be willful, rendering this case exceptional within the meaning of 35 U.S.C. § 285.

47. Unless enjoined by this Court, Defendants will continue to infringe on the '007 Patent.

48. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury for which it has no adequate remedy at law. Plaintiff also has been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

Wherefore, Signal IP respectfully requests that the Court enter judgment against Defendants as follows:

1. That Defendants have directly infringed the Patents-in-Suit;

2. That Defendants have contributorily infringed the Patents-in-Suit;

3. That Defendants have induced the infringement of the Patents-in-Suit;

4. That Defendants' infringement be adjudged willful and deliberate;

5. That Defendants and their affiliates, subsidiaries, officers, directors, employees, agents, representatives, successors, assigns, and all those acting in concert, participation, or privity with them or on their behalf, including customers, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the Patents-in-Suit;

6. For damages, according to proof, for Defendants' infringement, together with pre-judgment and post-judgment interest, as allowed by law and that such damages be trebled as provided by 35 U.S.C. § 284;

7. That this Court determine that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to Signal IP is warranted; and

8. For such other and further relief as the Court may deem just and proper.

Dated: April 1, 2014                LINER LLP


By: ____*/s/ Ryan E. Hatch*____
Randall J. Sunshine
Ryan E. Hatch
Jason L. Haas
Attorneys for Plaintiff SIGNAL IP, INC.

# JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff Signal IP, Inc. respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

Dated: April 1, 2014                                  LINER LLP


By:  */s/ Ryan E. Hatch*
     Randall J. Sunshine
     Ryan E. Hatch
     Jason L. Haas
     Attorneys for Plaintiff SIGNAL IP, INC